UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL T. FIKTER, | ) 1:04-cv-6463-SMS |
| | ) |
| Plaintiff, | ) DECISION AND ORDER DENYING |
| | ) PLAINTIFF'S SOCIAL SECURITY |
| | ) COMPLAINT (DOC. 1) |
| v. | ) |
| | ) ORDER DIRECTING THE ENTRY OF |
| JO ANNE B. BARNHART, | ) JUDGMENT FOR DEFENDANT JO ANNE B. |
| Commissioner of Social | ) BARNHART, COMMISSIONER OF SOCIAL |
| Security, | ) SECURITY, AND AGAINST PLAINTIFF |
| | ) CAL T. FIKTER |
| Defendant. | ) |
| | ) |

Plaintiff is represented by counsel and is proceeding with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (Act). Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.[1] The matter is currently before the Court on the

---

[1] Judge Anthony W. Ishii ordered the case assigned to the undersigned Magistrate Judge for all purposes on March 9, 2005.

1

parties' briefs, which have been submitted without oral argument to the Honorable Sandra M. Snyder, United States Magistrate Judge.

## PRIOR PROCEEDINGS

On June 22, 2001, Plaintiff applied for a period of disability and DIS benefits under Title II of the Act, alleging disability beginning on April 28, 1999. (A.R. at 72-75.) Plaintiff's claim was denied initially and on reconsideration. (A.R. at 48-51, 54-57.) Plaintiff requested a hearing before an administrative law judge (ALJ) of the Social Security Administration (SSA). On July 29, 2003, Plaintiff appeared with an attorney and testified before the ALJ, the Honorable James P. Berry. (A.R. at 16.) Additional evidence was submitted after the hearing and was subsequently reviewed, including vocational expert interrogatories, responses, and related correspondence. On January 28, 2004, the ALJ denied Plaintiff's application for benefits. (A.R. at 16-21.) Plaintiff appealed the ALJ's decision to the Appeals Council. On August 31, 2004, the Appeals Council denied Plaintiff's request for review. (A.R. at 8-11.)

On October 27, 2004, Plaintiff filed the complaint in the instant action. The administrative record was filed on March 7, 2005. On May 20, 2005, Plaintiff filed an opening brief. On June 21, 2005, Defendant filed a brief in opposition.

## ADMINISTRATIVE FINDINGS

The ALJ concluded that Plaintiff's impairments, consisting of bilateral carpal tunnel releases, bilateral rotator cuff tear repairs, two right knee meniscus tear repairs, and degenerative joint disease of the left shoulder and lumbar spine, did not

medically equal a listed impairment; his residual functional capacity (RFC) was to lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and/or walk for six hours in an eight-hour workday; with occasional pushing and pulling with the bilateral upper extremities and occasional forceful reaching, handling, grasping and gripping; and occasional climbing, kneeling, crouching, and crawling. (A.R. at 18, 20.) Although Plaintiff's nonexertional impairments prevented him from performing the full range of light work, using section 20 C.F.R. § 404.1569 and Rule 202.14, Table No. 2, Appendix 2, Subpart P, Regulations No. 4, he was not disabled because there were a significant number of jobs in the national economy that he could perform. (A.R. at 20.)

The ALJ specified the following:

> Examples of such jobs are: cashier II, of which there are 182,000 positions in California and 1.6 nationally; cleaner, of which there are 20,000 jobs in California and 196,000 nationally; and outside deliverer, of which there are 18,000 positions in California and 145,000 nationally.

(A.R. at 19, 20.) Thus, Plaintiff was not disabled.

## ISSUE PRESENTED

The sole issue raised by Plaintiff concerns the sufficiency of the evidence to support the ALJ's finding at step five of the sequential analysis. Plaintiff argues that because the vocational expert (VE) failed to specify the number of the jobs or positions as they appeared in the Dictionary of Occupational Titles, fourth edition (1991) (DOT), the evidence upon which the ALJ relied in concluding that Plaintiff could perform significant jobs in the economy was insufficient because it prevented the ALJ from

3

1  determining whether any departures from the DOT were justified.

## FACTS

At the administrative hearing, Plaintiff stipulated to the qualifications of Mr. Kenneth Ferra, a rehabilitation counselor, as a vocational expert. (A.R. at 970.) Ferra had heard Plaintiff testify and had reviewed the work background material that had been submitted. (Id. at 970.) Ferra opined that Plaintiff's past work of performing oil well maintenance would be classified as heavy and skilled. (Id. at 971.)

The ALJ then sent interrogatories to the VE and received additional evidence from the VE in response. (A.R. at 202-210.) The VE reviewed Plaintiff's work history report and characterized Plaintiff's past work as reliability specialist, medium, skilled; crew foreman, medium, skilled; production foreman, medium, skilled; and all such positions had been performed in the customary manner in which they were performed in the national economy. (A.R. at 205.) The VE opined that Plaintiff could not perform any of his past relevant work, but he could perform positions including cashier II, with 182,000 positions in California and 1.6 million in the United States; cleaner, with 20,000 positions in California and 196,000 in the United States; and outside deliverer, with 18,000 positions in California and 145,000 positions in the United States. Ferra had no additional comments. (A.R. at 205.)[2]

---

[2] The ALJ sent the additional evidence to Plaintiff's counsel and extended to her an opportunity to submit for forwarding to Ferra comments, law, records, any written questions, and to request a supplemental hearing with additional oral questioning. Counsel responded with a revised RFC (with limitations not ultimately found by the ALJ to be pertinent, such as standing, walking, and sitting at will, lying down at least fifteen minutes throughout the day, and drowsiness), to which Ferra was also asked to respond. (A.R. at 213-16.) Ferra responded that if the RFC were as counsel described, then Plaintiff could not perform past relevant work or any work existing in the regional or

4

SCOPE AND STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion; it may not simply isolate a portion of evidence that supports the decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). It is immaterial that the evidence would support a finding contrary to that reached by the Commissioner; the determination of the Commissioner as to a factual matter will stand if supported by substantial evidence because it is the Commissioner's job, and not the Court's, to resolve conflicts in the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th Cir. 1975).

In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must

---

national economies. (A.R. at 217.) The ALJ then gave Plaintiff's counsel another opportunity to respond to the additional information, but no party indicates that there was any further response.

review the whole record and uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See, Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If the Court concludes that the ALJ did not use the proper legal standard, the matter will be remanded to permit application of the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th Cir. 1987).

ANALYSIS

I. Disability

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 1382c(a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that the claimant is not only unable to do the claimant's previous work, but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. 1382c(a)(3)(B); Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden of establishing a disability is initially on the claimant, who must prove that the claimant is unable to return to his or her former type of work; the burden then shifts to the Commissioner to identify other jobs that the claimant is capable of performing considering the claimant's residual

6

functional capacity, as well as her age, education and last fifteen years of work experience. Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The regulations provide that the ALJ must make specific sequential determinations in the process of evaluating a disability: 1) whether the applicant engaged in substantial gainful activity since the alleged date of the onset of the impairment, 20 C.F.R. § 404.1520 (1997);[3] 2) whether solely on the basis of the medical evidence the claimed impairment is severe, that is, of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities, 20 C.F.R. § 404.1520(c); 3) whether solely on the basis of medical evidence the impairment equals or exceeds in severity certain impairments described in Appendix I of the regulations, 20 C.F.R. § 404.1520(d); 4) whether the applicant has sufficient residual functional capacity, defined as what an individual can still do despite limitations, to perform the applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and 5) whether on the basis of the applicant's age, education, work experience, and residual functional capacity, the applicant can perform any other gainful and substantial work within the economy, 20 C.F.R. § 404.1520(f).

II. Sufficiency of VE's Testimony

An individual is not disabled if he can perform work existing in significant numbers in the national and local economy. 20 C.F.R. §§ 404.1505, 404.1561; Barker v. Secretary of

---

[3] All references are to the 2004 version of the Code of Federal Regulations unless otherwise noted.

7

HHS, 882 F.2d 1474, 1479 (9th Cir. 1989).

It is established that the Commissioner routinely relies on the DOT and Selected Characteristics in determining the skill level of past work or ability to perform other work. The Commissioner may rely on the general job categories of the DOT and Selected Characteristics as applicable to a claimant's work; see 20 C.F.R. §§ 404.1566(d)(1) (use as the primary source of reliable job information); 404.1568 (use to classify jobs as skilled, semiskilled and unskilled); § 404.1569 (use to classify exertional and skill requirements); Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). However, the Commissioner may take administrative notice of any reliable job information, including the services of a vocational expert. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (6th Cir. 1994)). Introduction of evidence of the characteristics of specific jobs available in the local area through the testimony of a vocational expert is appropriate, even though the job traits may vary from the way the job title is classified in the DOT. Id.

Thus, although the DOT classification of a job's level is presumptively valid, the presumption of validity may be rebutted by expert testimony that contradicts the DOT insofar as the record contains persuasive evidence to support the deviation. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (where although the claimant was restricted to sedentary work with non-exertional limitations, a finding of ability to perform jobs that were categorized as light work was sufficient where the record contained specific and persuasive expert testimony of available

job categories in the local rather than the national market, and testimony matching the specific requirements and characteristics of local positions in a designated occupation with the specific abilities and all relevant specific limitations of the claimant). The evidence sufficient to permit a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Admin., 119 F.3d 789, 793 (9th Cir. 1997) (holding that where job categories were inconsistent with impairments, and neither the ALJ nor the VE explained the reason for departing from the DOT, the Court would reject the conclusion that jobs were available).

Social Security Ruling 00-4p provides that it is the ALJ's obligation to inquire about and elicit a reasonable explanation for a conflict between the occupational evidence provided by a VE and that supplied by the DOT. S.S.R. 00-4p at 2. Here, the ALJ sought DOT information from the VE. (A.R. 203.)

The issue before the Court is whether or not the Defendant's findings at step five of the sequential analysis is supported by substantial evidence.

Light work is defined by 20 C.F.R. § 404.1567(b) as work that involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Plaintiff does not challenge the RFC arrived at by the ALJ.

The position of cashier II appears at DOT § 211.462-010. DOT at p. 183. It requires computing, receiving, and recording cash payments; verifying cash, making change, cashing checks, issuing

receipts, and processing and effecting refunds; preparing reports; and operating ticket-dispensing, scanning, cash register, and related electronic equipment. It is described as light work, SVP 2. The entries in the United States Department of Labor's <u>Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles</u> (1993) for the cashier II position reveal no direct inconsistency with the limits in Plaintiff's RFC caused by nonexertional impairments as found by the ALJ, namely, <u>occasional</u> pushing and pulling with the bilateral upper extremities, climbing, kneeling, crouching, and crawling; and <u>occasional</u> forceful reaching, handling, grasping, and gripping. The position involves no climbing, kneeling, crouching, crawling, pushing, or pulling. The position does require frequent reaching, handling, and fingering. However, there is no indication that any <u>forceful</u> reaching, handling, grasping, or gripping is required, and Plaintiff does not mount such an argument.

    With respect to the position of outside deliverer, the DOT reveals that it is a courier or messenger position involving traveling by foot, bicycle, or motorized conveyance; delivery of messages or packages; logging and providing payment or receipts for delivered articles; and servicing of a vehicle driven, such as checking fluid levels and replenishing fuel. DOT, § 230.663-010 at p. 235. Its strength level is light, SVP 2. The position involves no climbing, kneeling, crouching, crawling, pushing, or pulling. It involves frequent reaching and handling, and occasional fingering. Again, there is no indication that any <u>forceful</u> reaching, handling, grasping, or gripping is required.

10

Thus, the DOT's description of the positions did not conflict with the VE's opinion that Plaintiff could perform the positions.

The VE answered the ALJ's interrogatory, which specifically asked for positions for a person with Plaintiff's RFC, including the nonexertional impairments, and concluded that one would find 182,000 cashier II positions in California and 18,000 outside deliverer positions in California. (A.R. 203, 205.) This number alone is sufficient to constitute significant work. It has been held that as few as 1,200 positions regionally are sufficient in number. Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478- 79 (9th Cir.1989) (1,266 jobs significant gainful work).

It is true, as Plaintiff asserts, that there are various cleaner positions listed in the DOT, some of which are medium and not light work. However, as Defendant notes, some of the positions are light. In any event, even without reference to the cleaner positions, the ALJ's determination that significant light work positions existed for Plaintiff is supported by the VE's testimony about the cashier and deliverer positions and consistent DOT entries, which constitute substantial evidence in light of the entire record.

## DISPOSITION

Based on the foregoing, the Court concludes that the ALJ's decision was supported by substantial evidence in the record as a whole and was based on proper legal standards.

Accordingly, the Court AFFIRMS the administrative decision of the Defendant Commissioner of Social Security and DENIES

Plaintiff's Social Security complaint.

The Clerk of the Court IS DIRECTED to enter judgment for Defendant Jo Anne B. Barnhart, Commissioner of Social Security, and against Plaintiff Cal. T. Fikter.

IT IS SO ORDERED.

**Dated:   May 9, 2006**                    /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE